CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Samuel K. Reid, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:25-cv-00046 |
| ) | |
| PennyMac Loan Services, LLC ) | |
| ) | |
| and ) | |
| ) | |
| Samuel L. White, P.C., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff Samuel K. Reid, Sr. filed this action seeking to prevent his eviction from a residential property following a foreclosure sale. This matter is before the court on motions to dismiss filed by Defendants PennyMac Loan Services, LLC ("PennyMac") (Dkt. 6) and Samuel L. White, P.C. ("White") (Dkt. 14) and an emergency motion for injunctive relief filed by Reid. (Dkt. 23.) For the reasons that follow, the court will grant Defendants' motions to dismiss and deny Reid's emergency motion.

### I.   Background

In 2013, Reid entered into a mortgage loan to purchase a home located at 35460 Stefs Landing in Orange County, Virginia.[1] (Dkt. 15-4 at 1–2.) Reid signed a deed of trust to secure

---

[1] Reid's complaint contains very few factual allegations. The court has filled in the factual gaps by reviewing court documents from a prior lawsuit Reid brought in the Circuit Court of Orange County, Virginia. Defendants have attached copies of those documents to their motions to dismiss in this case. (*See* Dkts. 15-1 through 15-7.) When a defendant

the loan. (*Id.* at 2.) The deed of trust incorporated by reference the regulations on foreclosure contained in 24 C.F.R. § 203.604. (*See id.* at 5–6.) PennyMac served as the loan servicer. (*Id.* at 3.) In 2016, after he defaulted on the loan, Reid signed a loan modification with PennyMac to bring the past-due loan current. (*Id.*) Reid once again fell behind on payments in 2017. (*Id.* at 4.) To avoid foreclosure, he filed petitions for Chapter 13 bankruptcy three times; those actions all were dismissed. (*Id.* at 3–4; Dkt. 15-6 at 2.) White, acting as a substitute trustee, sold the property at a foreclosure sale on April 23, 2019. (Dkt. 15-5 at 7.)

Reid filed a complaint against PennyMac and White in the Circuit Court of Orange County. (*See* Dkt. 15-1.) His second amended complaint in that case alleged, in relevant part, that PennyMac had breached the deed of trust by failing to offer him a face-to-face meeting at least 30 days before beginning foreclosure proceedings, as required by 24 C.F.R. § 203.604. (Dkt. 15-4 at 10–11.) Reid asserted that he likely could have avoided foreclosure had PennyMac offered the meeting because he had the financial means to resolve the delinquency on the loan beginning in November 2018. (*Id.* at 11–12.)

After holding a hearing, the Circuit Court sustained demurrers filed by PennyMac and White and dismissed Reid's claims with prejudice on May 9, 2023. (Dkt. 15-5 at 1–2.) It first held that 24 C.F.R. § 203.604 was inapplicable because it concerns "repayment plans" and Reid had defaulted on a "loan modification agreement." (*Id.* at 8.) Second, the Circuit Court

---

moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), as Defendants do here, a court ordinarily may consider only the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents expressly incorporated in the complaint by reference. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). However, the court may take judicial notice of documents in the public record, including court documents, if their authenticity is not in dispute. *See Massey v. Ojaniit*, 759 F.3d 343, 347–48 (4th Cir. 2014). The court will take judicial notice of the documents from Reid's state-court litigation, as they are matters of public record and Reid does not question their authenticity.

concluded that Reid's claims failed even if the regulations applied because he did not adequately allege a causal connection between any breach of the regulations and the foreclosure. (*Id.* at 7–8.) The Court of Appeals of Virginia affirmed the Circuit Court's decision on May 3, 2024. (Dkt. 15-6.)

On June 4, 2025, Reid, proceeding *pro se*, filed suit against PennyMac and White in this court. (Compl. (Dkt. 1).) His complaint largely repeats the allegations he made in his state-court lawsuit. He alleges that PennyMac violated the deed-of-trust provisions adopting the federal regulatory requirements by failing to offer him "a face to face meeting before he became . . . three months in arrears and at least 30 day[s] prior to [fore]closure." (*Id.* at 2.) He asserts that he "had the funds to remedy the financial issues" but that PennyMac "refused to confer with [him]" when he "reached out to PennyMac prior to [the] foreclosure date." (*Id.* at 3.) Reid also claims that the state court "denied" him his rights under the deed of trust and federal regulations, and he accuses Defendants of providing false information to the state court in order to "violate[ his] civil rights" and take his house. (*Id.* at 1–2, 4–5.) He asks this court to restore his ownership of the property, and he requests at least $400,000 in damages. (*Id.* at 5.)

On July 24, 2025, PennyMac moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 6.) White, too, filed a Rule 12(b)(6) motion to dismiss on August 13, 2025. (Dkt. 14.) They argue that Reid's claims challenging the foreclosure are barred by *res judicata* and the *Rooker-Feldman* doctrine. Both Defendants argue that the complaint is subject to dismissal because it fails to identify any cognizable cause of action or allege facts that would plausibly support one.

On September 19, 2025, Reid filed an "emergency motion" seeking injunctive relief to prevent his eviction, which is currently scheduled for September 23, 2025. (Dkt. 23.)

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, the court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Because a Rule 12(b)(6) motion challenges the sufficiency of a complaint, it generally is not a proper vehicle for raising affirmative defenses that a defendant has the burden of proving. A defendant may raise a *res judicata* defense in a Rule 12(b)(6) motion, but only if the defense "clearly appears on the face of the complaint." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). But when considering a motion to dismiss based on *res judicata*, the court may "take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Id.*

### III.     Analysis

Defendants first argue that Reid's claims alleging breach of the deed of trust are barred by *res judicata*, or claim preclusion, because the Virginia state courts previously addressed them. Federal courts must give full faith and credit to valid state-court judgments. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (citing 28 U.S.C. § 1738). When considering the preclusive effect of an earlier state-court judgment, a federal court must "apply the preclusion law of the State in which judgment was rendered." *Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019) (internal quotation marks omitted). The court applies Virginia's preclusion law as the state judgment in this case was entered by the Circuit Court of Orange County in Virginia. Under Virginia law, "the elements of claim preclusion are: (1) a final judgment on the merits, (2) the same parties (or their privies) in both proceedings, also expressed as identity of the parties, and (3) both causes of action arising out of the same conduct, transaction, or occurrence." *Lane v. Bayview Loan Servicing, LLC*, 831 S.E.2d 709, 714 (Va. 2019) (citing Va. Sup. Ct. R. 1:6(a)). A party may not relitigate "the same cause of action or any part thereof which *could* have been litigated in the previous action." *Bennett*, 913 F.3d at 440 (quoting *D'Ambrosio v. Wolf*, 809 S.E.2d 625, 628 (Va. 2018)).

The court documents from Reid's state-court litigation—which this court may take judicial notice of here—make clear that all three elements of claim preclusion are satisfied. The Circuit Court of Orange County entered a final judgment on the merits when it sustained PennyMac and White's demurrers and dismissed the claims in Reid's second amended complaint with prejudice. (Dkt. 15-5); *see In re Tomlin*, 105 F.3d 933, 936–37 (4th Cir. 1997) (stating that "[d]ismissal of an action with prejudice is a complete adjudication of the issues

presented by the pleadings and is a bar to a further action between the parties."). The Court of Appeals affirmed that judgment. (Dkt. 15-6.) There is also an identity of parties between Reid's state-court lawsuit and this one. (*See* Dkt. 15-5 at 1.) Lastly, Reid's pending claims challenging the foreclosure not only arise from the same conduct, transaction, or occurrence as his state-court lawsuit, but allege the very same breaches of the deed of trust that he previously alleged—unsuccessfully—in state court. (*See* Dkt. 15-4 at 10–12.) Claim-preclusion rules prohibit Reid from getting a "second bite of the apple" in federal court.[2]  *Bennett*, 913 F.3d at 440.

Reid's complaint also appears to allege that the state courts acted unlawfully by dismissing his claims against PennyMac and White. (*See* Compl. at 4–5; Dkt. 18 at 6.) To the extent that he intends to challenge the state courts' decisions, this court lacks subject matter jurisdiction to hear such a claim. Under the *Rooker-Feldman* doctrine, a federal district court cannot exercise jurisdiction over claims that complain of injuries caused by an earlier state-court judgment and invite the federal court to review and reject that judgment. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 349 (4th Cir. 2025). Those claims are barred because they ask a federal district court "to conduct an appellate review of the state-court decision," and no federal statute authorizes a federal district court to exercise such jurisdiction. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)); *see T.M.*, 139 F.4th at 348.

---

[2] In his response to the motions to dismiss, Reid asserts that his attorney in the state case "caused [the] case to be thrown out due to his failure to file . . . case documents in a timely manner. (Dkt. 18 at 5–6.) This is an apparent reference to Reid's petition for appeal to the Supreme Court of Virginia, which was dismissed as untimely. (*See* Dkt. 15-7.) Such an error by counsel does not provide an exception to *res judicata*. *See, e.g.*, *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 261 (D. Conn. 2009) (noting that errors or omissions by counsel in a prior lawsuit were not grounds for "circumvent[ing] the doctrine of *res judicata*").

Lastly, Reid briefly alleges that Defendants colluded to make misrepresentations during the state-court proceedings, (*see* Compl. at 1–2), but his complaint does not elaborate on those conclusory allegations or attempt to tie them to any legal cause of action. Thus, there is no claim connected to those allegations that is properly before the court.

## IV.    Conclusion

For the reasons outlined above, the court will **GRANT** the motions to dismiss filed by PennyMac (Dkt. 6) and White (Dkt. 14). The court will **DISMISS** the complaint **with prejudice** based on *res judicata*. Because the court will dismiss this action, it will **DENY** Reid's emergency motion for injunctive relief (Dkt. 23).

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 22nd day of September, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE